UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N & W FARM PRODUCE, INC.,

        Plaintiff,                  Case Number 08-12535
                                                       Honorable David M. Lawson

v.

MAJJI PRODUCE, INC., DIA SHAMMAMI,
and JACKLIN SHAMMAMI,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR A
TEMPORARY RESTRAINING ORDER AND SCHEDULING
HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

The matter is before the Court on the plaintiff's *ex parte* motion for a temporary restraining order without notice and preliminary injunction. The plaintiff, N&W Farm Produce, Inc., "is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce." Compl. ¶ 2. Defendant Dia Shammami is the president and defendant Jacklin Shammami is the vice president of the defendant corporation Majji Produce, Inc.

According to the complaint, the plaintiff has been selling perishable agricultural commodities to Majji Produce for eight years. According to an affidavit filed with the motion for a temporary restraining order, beginning in November 2007, Majji Produce failed to timely pay the plaintiff's invoices. In the affidavit, the plaintiff's vice president Randle Wright contends that by mid-May 2008, Majji Produce had stopped making any payments. According to the plaintiff, the defendants owe it $37,800 plus interest. On June 5, 2008, Mr. Wright says he was informed by Dia Shammami that Majji Produce had begun to sell its assets. Mr. Wright and the plaintiff's attorneys attempted to contact the defendants by phone and by letter, but were unsuccessful. The plaintiff argues that it

is entitled to enforce a statutory trust imposed by the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 449a-499s. It seeks entry of a temporary restraining order and preliminary injunction preventing the defendants from selling any assets that are part of the statutory trust without its agreement or an order of the Court.  The Court agrees that entry of an *ex parte* temporary restraining order is appropriate, and will grant the plaintiff's motion.

The Federal Rules permit the Court to enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that entry of this order is appropriate without notice to the opposing party. "There is a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration." *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968). The plaintiff's attorney certified in writing that providing notice to the defendants would "allow them the opportunity to make payments on non-trust debts with trust assets," thereby precipitating the harm.  Mot. for Temp. Restraining Order and Prelim. Inj., Ex. D, Cert. of Counsel at 4.  The Court finds that providing notice to the opposing party would cause irreparable harm because the notice might stimulate the very actions the restraining order is intended to prevent. Therefore the Court will proceed on an *ex parte* basis.  *See* Fed. R. Civ. P. 65(b)(1)(B); *General Motors Corp. v. Buha*, 623 F.2d 455, 457-58 (6th Cir. 1980).

In determining whether a temporary restraining order should issue, the Court considers the

same factors as it would when considering a motion for a preliminary injunction. *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). These factors are:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)).  The Court finds that these factors favor entry of a temporary restraining order until the defendants can be heard.

The movant has shown a "strong" likelihood of success on the merits.  If the allegations contained in the complaint and the affidavit attached to the motion for summary judgment are true, the defendants may have violated federal law.  PACA imposes a statutory trust on purchasers of covered perishable agricultural commodities "for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents," 7 U.S.C.A. § 499e(c)(2), and makes it unlawful to "fail to maintain" this trust, 7 U.S.C. § 499b(4).  Regulations promulgated under this law state:

> Commission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [7 U.S.C. § 499b].

7 C.F.R. § 46.46(d)(1).  If it can prove its allegations, the plaintiff has shown a strong likelihood of

success on the merits.

The Court finds that the plaintiff would suffer irreparable harm if an order is not entered. The plaintiff submitted an affidavit from its vice president that states, "Based upon my personal experience, it appears that Majji Produce has and is continuing to dissipate the PACA trust to the extent that Majji Produce is unable to satisfy not only the amounts owed to N & W Farm, but also the claims of other similarly situated PACA trust claimants who may be unaware of the dissipated condition of the PACA trust." Mot. for Temp. Restraining Order and Prelim. Inj., Ex. B, Randle Wright Aff. ¶ 29. The affidavit contains specific facts supporting this conclusion, including the lack of a response of the defendants to the plaintiff's reminder of their fiduciary duties, the dire financial condition of the company, and the affaint's prior experience with companies in similar financial situations. Courts have noted that money damages do not provide an adequate remedy for dissipation of statutory trust assets under the PACA. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000). By requiring the statutory trust, Congress was acknowledging the necessity of preserving separate assets for payment of produce suppliers. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("[P]reventing dissipation of the trust is a key purpose of PACA. Segregation of trust assets is an important tool for achieving that purpose."); H.R.Rep. No. 98-543, at 7 (1983), reprinted in 1984 U.S.C.C.A.N. 405, 411 ("Once funds are dissipated, it is all but impossible to effect recovery."). The Court finds that the plaintiff has shown that it is facing an immediate and irreparable injury if the trust funds are dissipated.

Requiring the defendants to preserve assets sufficient to cover their debt to the plaintiff will not cause substantial harm to the defendants. The relief that the plaintiff seeks is simply the requirement that the defendants comply with federal law.

Finally, the Court finds that the public interest favors granting the relief sought. When Congress created the statutory trust, it found that such a requirement was needed "to protect the public interest." 7 U.S.C.A. § 499e(c)(1). The Court finds that preserving this trust serves the public interest. *See Tanimura & Antle*, 222 F.3d at 140.

The Court concludes that there are good reasons not to provide notice to the defendants. The Court further finds that the balance of factors weigh in favor of granting the injunctive relief sought by the plaintiff until the defendants can be heard on the issue. However, the Court will order that the plaintiff post a bond in the amount of $37,800, as cash or through a surety, to cover any "costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED** that the plaintiff's ex parte motion for a temporary restraining order [dkt # 3] is **GRANTED**.

It is further **ORDERED** that Majji Produce, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Majji Produce, including defendants Dia Shammami and Jacklin Shammami, are enjoined and restrained from dissipating, paying, transferring, assigning, pledging, hypothecating, and selling assets covered by or subject to the trust provisions of the Perishable Agricultural Commodities Act until further order of this Court.

It is further **ORDERED** that this order expires at 11:59 p.m. on June 23, 2008.

It is further **ORDERED** that N & W Farm shall serve a copy of this Order by personal service upon Majji Produce, Dia Shammami, and Jacklin Shammami on or before **June 18, 2008, at 9:00 a.m.**

It is further **ORDERED** that the parties shall appear at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan, Room 860, for a hearing on plaintiff's Motion for Preliminary Injunction on **Thursday, June 19, 2008, at 11:00 a.m.**

It is further **ORDERED** that the plaintiff shall post a cash or corporate surety bond in the amount of $37,800 on or before **June 18, 2008**.

                                                              s/David M. Lawson  
                                                              DAVID M. LAWSON  
                                                              United States District Judge

Dated: June 17, 2008, at 10:51 a.m.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 17, 2008.

                                      s/Felicia M. Moses  
                                        FELICIA M. MOSES